**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1867-23

GEORGE NICHOLSON, JR.,
individually and on behalf of all
others similarly situated,

 Plaintiffs-Appellants,

v.

BOROUGH OF NATIONAL
PARK, NEW JERSEY,

 Defendant/Third-Party
 Plaintiff-Respondent,

v.

SOLVAY SPECIALTY POLYMERS
USA, SOLVAY SOLEXIS, INC., and
ARKEMA, INC.,

 Third-Party Defendants.

_____

Argued March 11, 2025 – Decided June 17, 2025

Before Judges Sumners and Susswein.

On appeal from the Superior Court of New Jersey, Law
Division, Gloucester County, Docket No. L-0002-23.

Lewis G. Alder argued the cause for appellants (Paul D. DePetris and Lewis G. Alder, attorneys; Paul D. DePetris and Lewis G. Alder, on the briefs).

Christopher R. Gibson argued the cause for respondent (Archer & Greiner, attorneys; Christopher R. Gibson and Patrick M. Flynn, of counsel and on the brief).

PER CURIAM

Plaintiff George Nicholson, Jr. appeals a February 1, 2024 Superior Court order granting summary judgment dismissal of his complaint against defendant Borough of National Park (the Borough). Plaintiff brought contractual claims against the Borough for supplying him and other National Park residents with water allegedly contaminated with high concentrations of perfluorononanoic acid. The gravamen of plaintiff's suit is that the Borough breached a contractual agreement to provide safe potable water. The trial court concluded that there was no contractual relationship between the parties. We agree and affirm.

We presume the parties are familiar with the pertinent facts, and we need only briefly summarize the procedural history leading to this appeal. In January 2023, plaintiff filed a complaint against defendant alleging breach of contract, breach of implied covenant of good faith and fair dealing, and promissory estoppel. Plaintiff's complaint was based on contract principles, which presupposes there is a contractual relationship between plaintiff and the

Borough with respect to providing potable water to residents. Plaintiff did not claim personal injury resulting from the contaminated water but rather claimed economic losses. Plaintiff expressly noted in the complaint, "[w]hile there may be health risks associated with the water, plaintiffs' damages are not based on personal injuries caused by the water bu[t] rather, focus strictly on economic loss" for paying for unpotable water, water sources to replace the unpotable water, and filtration systems. Plaintiff made no claim under the Tort Claims Act, 59:1-1 to 12-3, which bars civil suits against a public entity for failing to meet an implied warranty. N.J.S.A. 59:9-2(b).

In May 2023, plaintiff filed a motion to certify a class action. In August, defendant moved for summary judgment. On September 22, Judge Robert Malestein heard oral argument on both motions. On February 1, 2024, he issued an order and twenty-two-page written opinion granting defendants' motion for summary judgment.

Plaintiff argues on appeal the trial court erroneously concluded that there was no contractual relationship between the parties. However, we recently rejected plaintiff's legal arguments in Cerkez v. Gloucester City, 479 N.J. Super. 174 (App. Div. 2024), certif. denied, 259 N.J. 491 and 259 N.J. 497 (2025). Those consolidated appeals involved similar facts and essentially the same legal

3

arguments as the present matter. We note plaintiff's trial and appellate counsel are the same attorneys who brought the consolidated appeals in <u>Cerkez</u>.

We fully embrace the holding and rationale set forth in <u>Cerkez</u>. Contract remedies simply do not apply in these circumstances. Accordingly, defendants were entitled to summary judgment dismissal as a matter of law.

Because the trial court correctly found there is no legal basis for the underlying complaint, plaintiff's motion for class action certification is moot. We therefore reject plaintiff's contention the trial court violated <u>Rule</u> 1:7-4(a) by failing to make findings about whether the class action should be certified. To the extent we have not specifically addressed them, plaintiff's remaining arguments lack sufficient merit to warrant discussion. <u>R.</u> 2:11-3(e)(1)(E). Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

A-1867-23